IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| Auston Knight, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § § | Civil Action No. 3:21-cv-3025 |
| v. | § § | JURY TRIAL DEMANDED |
| Dakota 2000 Inc., | § § | COLLECTIVE ACTION |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Auston Knight ("Knight" or "Plaintiff"), individually and on behalf of all others similarly situated, files this Original Collective Action Complaint against Defendant Dakota 2000 Inc. ("Dakota 2000" or "Defendant"), showing in support as follows:

### I.   NATURE OF ACTION

1. This is an action to recover unpaid overtime compensation under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA"). Defendant failed to pay Plaintiff time and one-half his regular rate of pay for all hours worked over 40 during each seven-day workweek while working for Defendant and paid on a day rate basis.

2. Plaintiff brings this lawsuit individually and as a collective action under 29 U.S.C. § 216(b) on behalf of other manual laborer employees of Defendant who, like him, were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven-day workweek while working for Defendant and paid on a day rate basis.

## II. THE PARTIES

3. Plaintiff is a resident of North Dakota and worked for Defendant as a non-exempt employee during the relevant statutory period. Plaintiff was paid a day rate. Plaintiff was employed as a W-2 employee of Defendant from on or about August 2018 through September 2019. Plaintiff's consent to participate in this lawsuit is attached hereto as Exhibit 1.

4. Defendant is a corporation formed under the laws of the State of South Dakota. Defendant operates within this Judicial District, its headquarters are within this judicial district at 502 Buffalo Rd., Ft. Pierre, South Dakota 57532-2262, and may be served through its registered agent Robert D. Laurenz, at 502 Buffalo Rd., Ft. Pierre, South Dakota 57532-2262, or where ever it may be found. At all times relevant to this lawsuit, Defendant has been an "enterprise engaged in commerce" as defined by the FLSA.

5. The putative collective action members are all manual laborer employees of Defendant who, like Plaintiff, were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven-day workweek while working for Defendant and paid on a day rate basis.

## III. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff's claims are based on federal law, namely the FLSA. *See* 29 U.S.C. § 216(b).

7. This Court has personal jurisdiction over Defendant because Defendant is headquartered in this district, does business in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in this District.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to all claims occurred in this District, and pursuant to 28 U.S.C. § 1391(b) & (c) because Defendant is headquartered in this district.

## IV. FACTUAL ALLEGATIONS

9. At all times relevant to this action, Defendant employed and continues to employ two or more employees.

10. Defendant was an employer of Plaintiff and the putative collective action members.

11. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce or in the production of goods for commerce and/or who regularly handled, sold or otherwise worked on goods and/or materials that were moved in and/or produced for commerce. Examples of such goods and/or materials include tools, fluids, vehicles, personal protective equipment, computers, and other supplies/materials used in connection with Defendant's operations.

12. On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

13. Plaintiff was a non-exempt employee of Defendant. Defendant paid Plaintiff on a day rate basis.

14. Plaintiff worked as a production flow back supervisor on Defendant's work sites. His job duties involved performing the manual labor necessary for the oil and gas operations on Defendant's worksites. He worked with other manual laborer employees of Defendant who were paid on a day rate basis.

15. Plaintiff frequently worked in excess of forty (40) hours per workweek without receiving overtime premium compensation for all such hours of work. Specifically, Plaintiff regularly worked approximately 84 hours per week on a regular basis.

16. Plaintiff was paid on a day rate basis. However, Defendant did not pay plaintiff additional pay for the overtime hours that Plaintiff worked each week at the applicable half time hourly rate, which on average was 48 hours of overtime (on average Plaintiff works 84 hours per week).

17. As the result of Defendant's failure to pay overtime premium compensation for all hours worked over forty (40) in a workweek, Defendant is liable to Plaintiff for damages including backpay, liquidated damages, and Plaintiff's costs and attorneys' fees.

## V. COLLECTIVE ACTION ALLEGATIONS

18. Plaintiff proposes to maintain this lawsuit as a collective action on behalf of the putative collective action members, defined as:

> all current and former non-exempt manual laborer employees of Defendant who were paid on a day rate basis without receiving overtime premium pay for all hours over forty (40) in a workweek.

19. Plaintiff has personal knowledge that other putative Collective Action Members who shared manual labor responsibilities with Plaintiff on Defendant's jobsites frequently worked in excess of forty (40) hours in a workweek and were paid pursuant to the same policy, namely, paid a day rate for all hours of work without receiving overtime premium pay for all hours worked over forty in each seven-day workweek.

20. The putative Collective Action Members are similarly situated to Plaintiff and to one another, within the meaning of Section 216(b) of the FLSA.

21. The putative Collective Action Members are not exempt from receiving overtime premium pay under the FLSA. Defendants' failure to pay overtime wages results from generally applicable policies or practices, and does not depend on the personal circumstances of the putative Collective Action Members.

22. The specific job titles or precise job responsibilities of each putative collective action member do not prevent collective treatment.

23. Although the exact amount of damages may vary among the putative Collective Action Members, their respective damages are easily calculable using a simple formula uniformly applicable to all of them.

24. Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any motion to certify a collective action or other proceeding.

25. Plaintiff further reserves the right to amend the definition of the putative class, or subclasses therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

### VI. CAUSE OF ACTION: VIOLATION OF FLSA – FAILURE TO PAY OVERTIME PURSUANT 29 U.S.C. § 207

26. Federal law requires covered employers to pay overtime premium pay at the rate of one and one-half times the regular rate of pay to non-exempt employees for all hours worked over forty (40) in a workweek. 29 U.S.C. § 207.

27. At all relevant times, Defendant is/was an eligible and covered employer under the FLSA. *See* 29 U.S.C. § 203(d). At all relevant times, Defendant has been/is an enterprise engaged in commerce under the FLSA. *See* 29 U.S.C. § 203(s)(1). At all relevant times, Plaintiff and the putative collective action members were Defendant's employee under the FLSA. 29 U.S.C. § 203(e).

28. Plaintiff and the putative collective action members were non-exempt employees, or to the extent they could have been classified as exempt employees, Defendant failed to compensate them on a salary or fee basis as required by federal law. Consequently, Plaintiff and the putative class members were entitled to overtime premium pay.

29. Defendant failed to pay Plaintiff and the putative collective action members at the rate of time and one-half their respective regular rates of pay for all hours worked over forty (40) in a workweek, and are liable for damages. *See* 29 U.S.C. § 203(s)(1).

30. Defendant failed to maintain and preserve payroll records which accurately show the total hours worked by Plaintiff and the putative collective action members on a daily and weekly basis in violation of the recordkeeping requirements of the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a) & 516.5.

31. Defendant's violation of the FLSA, as described above, was willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant was aware that Plaintiff and the putative collective action members were not paid overtime premium pay at the rate of time and one-half his respective regular rates of pay for all hours worked over forty (40) in a seven-day workweek.

32. Plaintiff specifically pleads recovery for the time period of three years preceding the date this lawsuit was filed and forward for his FLSA claim, and the claims of the putative collective action members, as the result of Defendants' willful conduct. *See* 29 U.S.C. § 255(a).

33. Plaintiff seeks all damages available for Defendant's failure to timely pay all overtime wages owed, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

## VII. JURY DEMAND

34. Plaintiff demands a jury trial on behalf of himself and the putative Collective Action Members/Class Members on all issues.

## VIII. DAMAGES AND PRAYER

35. Plaintiff asks that the Court issue summons for Defendant to appear and answer, and that Plaintiff and the putative collective action members be awarded a judgment against Defendant and/or order(s) from the Court for the following:

   a. An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative collective action members;

   b. All damages allowed by the FLSA, including back wages;

   c. Liquidated damages in an amount equal to FLSA-mandated back wages;

   d. Legal fees, costs and expenses, as permitted under the FLSA;

   e. Post-judgment interest, as permitted under the FLSA;

   f. All other relief to which Plaintiff and the putative collective action members may be justly entitled.

Dated this 17th day of November, 2021.

                              COSTELLO, PORTER, HILL, HEISTERKAMP, BUSHNELL & CARPENTER, LLP

                              By: _____
                              Heather Lammers Bogard
                              *Attorneys for Defendants*
                              PO Box 290
                              Rapid City, SD 57709-0290
                              (605) 343-2410
                              Email: hbogard@costelloporter.com

and

By:   */s/ Ricardo J. Prieto*
      Ricardo J. Prieto (*pro hac vice pending*)
      Texas Bar No. 24062947
      rprieto@eeoc.net
      Melinda Arbuckle (*pro hac vice pending*)
      Texas Bar No. 24080773
      marbuckle@eeoc.net
      Shellist Lazarz Slobin LLP
      11 Greenway Plaza, Suite 1515
      Houston, TX 77046
      (713) 621-2277 – Telephone
      (713) 621-0993 – Facsimile

ATTORNEYS FOR PLAINTIFF AND PUTATIVE
FLSA COLLECTIVE ACTION MEMBERS

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Auston Knight

**DEFENDANTS**
Dakota 2000, Inc.

(b) County of Residence of First Listed Plaintiff: McKenzie, ND
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Stanley, SD
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Heather Lammers Bogard
Costello Porter Law Firm
PO Box 290, Rapid City, SD 57709, 605-343-2410

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / **PERSONAL PROPERTY** / [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [x] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/Accommodations / [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C.§§ 201-2019, 29 U.S.C.§§ 251-262, 28 U.S.C. § 1331

Brief description of cause:
Unpaid Overtime

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE: Nov 17, 2021

SIGNATURE OF ATTORNEY OF RECORD: *(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____